Mr. Justice Clayton
delivered the opinion of the court.
This is a motion preliminary to the consideration of the merits of this cause. The question submitted upon motion is, whether the act of 1844, passed to place the Planters Bank and the Mississippi Railroad Company in a state of liquidation, repeals the act of 1843, in whole or in part, passed to prescribe the mode of proceeding against incorporated banks.
There is no express repeal. Statutes are not considered to *633 be repealed by implication, unless the repugnancy between the new provision and the former statute be plain and unavoidable. Foster's case, 11 Co. 56; 1 Kent Com. 466. The intention of the legislature in this, as in all other instances, is the cardinal rule of construction.
The intention to repeal is by no means manifest. To a certain point we perceive no necessary repugnancy between the two statutes. If, under the law of 1844, the attorney-general should file a bill on the part of the state, as therein directed, we have no doubt the pendency of such bill might be pleaded in preclusion of any prosecution under the act of 1843, should any such be instituted.' We have as little doubt, that if a proceeding were instituted under the act of 1843, and during its pendency the attorney-general were to file a bill in the chancery court, that the chancery court might, upon application, grant an injunction to stay the proceedings in the circuit court. If the attorney general were to take any steps under the act of 1844, before a judgment rendered upon a proceeding on the part of any one else under the act of 1843, the government would be entitled to a preference, that would justify putting an end to or staying the other proceeding. But if the proceeding be commenced and prosecuted to judgment in the circuit court, without any step in the chancery court to interrupt it, we see no objection to its validity. There is in our view no such repugnancy in the provisions of the two acts, as to make the last necessarily operate a repeal of the other. A judgment under either might be pleaded in bar of any subsequent proceeding in the other court.
The 19th section of the act of 1844 provides, that if the banks therein mentioned should surrender their charters, under the provision of the second section, then they should be exempt from the operation of the act of 1843. This would seem to imply the intention of the legislature, that in any other state of case, they were not to be so exempted.